[Civ. No. 7936. First Appellate District, Division One.—August 27, 1931.]

MARTIN FOARD, Respondent, v. J. M. C. JOHNSON, Appellant.

J. E. Light for Appellant.

George G. Bechtel and Ernest L. English for Respondent.

KNIGHT, J.—The defendant appeals from an adverse judgment in an action to quiet title to a lot situate in the city of Santa Monica. ■ The appeal is taken on the judgment-roll alone, the main ground urged for reversal being that the findings do not support the judgment, in that they show that plaintiff acquired the property with knowledge of the fact that defendant held an unrecorded deed thereto. The entire controversy on appeal arises over an apparent typographical error in the preparation of the findings, relating to the date of plaintiff's deed.

The complaint is in the usual form, alleging plaintiff's ownership in the lot, and that defendant claims an interest therein which is without legal right. The answer merely denies plaintiff's title, admits that defendant claims an interest in the lot, and denies that such interest is without right. The court found: (1) That prior to May 6, 1927, title to said lot was vested in one Marie Scherneckau. (2) That plaintiff acquired said lot "on the 6th day of May, *1928,* by deed to him from Marie Scherneckau, an unmarried woman". (3) That said deed from Marie Scherneckau to plaintiff was filed for record "on May 9th, *1927*", and recorded in Book 6890, etc. (4) That "on the 6th day of

May, 1928, the plaintiff herein *had no* knowledge or notice of prior outstanding deed executed by Marie Scherneckau in favor of J. M. C. Johnson (defendant herein) bearing date March 5th, 1926, and *the first knowledge or notice* of said outstanding deed was on the 8th day of March, 1928". (5) That plaintiff "gave a consideration for said deed from Marie Scherneckau to him, and that said consideration was a valuable one". (All italics ours.)

Manifestly the findings in their present form are legally insufficient to support the judgment, for as will be seen, according to the dates set forth in findings 2 and 3 plaintiff acquired the property on May 6, *1928,* by virtue of a deed recorded on May 9, *1927,* a year prior to the date on which he acquired the property; and according to finding 4, on May 6, 1928, plaintiff had no knowledge of the existence of defendant's outstanding deed dated March 5, 1926, but did have knowledge of such deed on March 8, 1928. In other words, according to the dates set forth in the findings plaintiff had knowledge of defendant's outstanding deed two months before he acquired the property. Obviously under such circumstances he was not entitled to judgment.

The appeal was not argued orally, and after it was ordered submitted for decision, the clerk of the trial court, at our request, forwarded to the clerk of this court for inspection the reporter's transcript, duly certified by the phonographic reporter, but not signed by the trial judge; and it appears therefrom without conflict that plaintiff acquired the property on May 6, *1927,* by deed to him from Marie Scherneckau and not on May 6, *1928,* as set forth in the findings. In their brief counsel for plaintiff state that their stenographer was responsible for the erroneous dates in the findings, and that they were not aware of the errors until served with a copy of defendant's brief (June 3, 1929), and that it was then too late to have the same corrected by the trial judge who signed the findings because his term of office had expired.

■ Rule XXXVIII of the Supreme Court and District Courts of Appeal, adopted pursuant to section 956a of the Code of Civil Procedure, provided counsel for plaintiff with a complete and easy remedy to have the erroneous dates in the findings corrected by this court, without the necessity of remanding the cause to the trial court for such purpose;

in which event the judgment would be affirmed. But despite the fact that they have been aware of the condition of the findings since June, 1929, and of the fact that such condition, if not corrected, would necessarily demand a reversal of the judgment, they have made no effort to avail themselves of the benefit of said rule, other than to suggest merely in their brief that under the provisions of said code section the appellate court has the authority to make findings contrary to those made by the trial court. Under the circumstances above stated we do not feel called upon to assume such burden. The second and remaining point made against the findings by defendant is without merit.

Therefore, in accordance with the views above expressed, it is ordered that the judgment be and the same is hereby reversed, with directions to the trial court to correct findings numbered two and four so as to conform to the undisputed evidence, to wit: By striking from finding number two the year "1928" and inserting in lieu thereof the year "1927"; and by striking from the finding number four the date "6th day of May, 1928", and inserting in lieu thereof the date "6th day of May, 1927"; and thereupon to re-enter judgment in favor of plaintiff.

Tyler, P. J., and Parker, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931.